UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED
NOV 1 5 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

FREDERICK V. VICARIO :
Plaintiff, :
vs. : Civil Action:
UNUMPROVIDENT CORPORATION, and PAUL REVERE LIFE INSURANCE COMPANY :
Defendant. :

CA 05 469T

# COMPLAINT

## Parties and Jurisdiction

1. Plaintiff, Frederick V. Vicario, ("Plaintiff", "Mr. Vicario") is an individual residing at 30 Briarbrooke Lane, City of Cranston, State of Rhode Island.

2. Upon information and belief, defendant Paul Revere Life Insurance Company ("Paul Revere") is a foreign corporation, having its usual place of business at 18 Chestnut Street, City of Worcester, Commonwealth of Massachusetts.

3. Upon information and belief, defendant UNUMPROVIDENT Corporation ("UP") is a Delaware corporation, having a principal place of business at One Fountain Square, Chattanooga, Tennessee, and is the owner of defendant Paul Revere.

4. The amount in controversy exceeds Seventy Five Thousand ($75,000) Dollars, exclusive of interest and costs.

5. This Court has subject matter jurisdiction over the current matter pursuant to 28 U.S.C. § 1332.

6. Venue is appropriate pursuant to 28 U.S.C. § 1391.

**General Allegations**

7. The Plaintiff is insured by defendant Paul Revere Life Insurance Company under a disability policy with Policy Number 01024443730, issued on May 10, 1990. See **Exhibit A**.

8. The aforementioned Policy was non-cancellable and continuable to Age 65, and in exchange for premium payments of $1,791.48 per year, the Policy provided income protection up to $3,500.00 per month.

9. At various times during the policy period, Paul Revere (and/or UP) contacted Plaintiff and solicited him to "enhance" coverage under the same policy, pursuant to the Future Income Option provided for in the initial sale of the coverage.

10. On or about December 19, 1996, after having become disabled for the first time under the policy, Plaintiff made a claim for disability benefits. By that date, the policy coverage had been increased, via various solicitations to enhance coverage, to approximately $4,400.00 with an annual premium of approximately $2,384.16.

11. Defendants denied that claim.

12. Plaintiff filed suit for breach of contract and bad faith.

13. The case settled, and a release was presented by Defendants' counsel and executed by Plaintiff.

14. At the Defendant's direction, the settlement release included a condition that the Plaintiff return the Policy to Defendant and, by such tender of the Policy, agree that the Policy shall become null and void. **Exhibit B**.

15. The above condition ran solely to the benefit of the Defendants.

16. The Defendants' attorney never subsequently requested return of the Policy.

17. The Defendants never themselves requested return of the Policy.

18. Plaintiff never returned the Policy.

19. Rather, the Defendants continued to bill the Plaintiff monthly for premiums on the Policy.

20. Moreover, Defendants solicited Plaintiff to further "enhance" his coverage under the Policy, which he agreed to do. See **Exhibit C**.

21. Effective May 10, 2004, Defendants' Policy with Plaintiff provided for a monthly benefit of $5,600.00 in exchange for an annual premium of $4,659.74. See **Exhibit D.**

22. On or about May 16, 2005, Plaintiff was again disabled and admitted to the hospital. Thereafter he remained disabled from his position as President of Unita Packing, Inc. d/b/a Barbera Fine Italian Food Products.

23. On or about June 6, 2005, Plaintiff made a claim for benefits under his Policy.

24. Defendants suggested that the claim might be denied on grounds that the policy had been "surrendered". See Letter from UP and Paul Revere dated July 21, 2005 at **Exhibit E.**

25. Counsel for Plaintiff responded by alerting Defendants to the fact that the Policy had never been surrendered, the Plaintiff had continued the pay and the Defendants had continued to accept premium payments for years, Defendants had solicited the Plaintiff to increase his coverage under the Policy and had charged him accordingly, and that therefore the Policy had remained in full force and effect. See **Exhibit F.**

26. Defendants denied the claim based solely on grounds that merely by signing the release, Plaintiff had "surrendered" the Policy. See **Exhibit G.**

**COUNT I**

(Breach of Contract)

27. Plaintiff hereby repeats and realleges the above allegations as if fully set forth herein.

28. Based on the above facts and circumstances, Defendant has materially breached the terms of the Policy.

**COUNT II**

(Reliance)

29. Plaintiff hereby repeats and realleges the above allegations as if fully set forth herein.

30. Based on the above facts and circumstances, Plaintiff justifiably relied to his detriment on the actions of the Defendants.

**COUNT III**

(Estoppel)

31. Plaintiff hereby repeats and realleges the above allegations as if fully set forth herein.

32. Based on the above facts and circumstances, Defendant is liable to the Plaintiff under a theory of estoppel and is otherwise estopped from asserting a defense of release or "surrender" of the policy.

**COUNT IV**

(Bad Faith)

33. Plaintiff hereby repeats and realleges the above allegations as if fully set forth herein.

34. The Defendant failed to fully and promptly respond to Plaintiff's claims for coverage and requests for substantive responses in connection with the underlying claim.

35. The Defendant failed to assemble all the facts necessary for a fair and comprehensive investigation, before response.

36. The Defendant failed to subject the results of whatever investigation that it conducted, to reasonable cognitive evaluation and review.

37. The Defendant breached its obligation to deal with the Plaintiff consistent with its implied-in-law obligations of good faith and fair dealing.

38. The Defendant failed to respond in a meaningful manner or offer a reasonable compromise in an effort to relieve its insured, the Plaintiff, from the burden and expense of litigation.

39. The Defendant failed to engage in settlement discussions in an effort to relieve its insured from the burden and expense of litigation.

40. The Defendants acted unreasonably and knew or was conscious of the fact that it was unreasonable.

41. The Defendants did not have a reasonable basis in law or fact to deny the clam.

42. Based on the above facts and circumstances, Defendant is liable to the Plaintiff for Bad Faith under the law of *Skaling v. Aetna Insurance Company*, 799 A.2d 997 (R.I. 2002) and R.I.G.L. § 9-1-33.

WHEREFORE, the Plaintiff, Frederick V. Vicario, demands judgment against the Defendants, equitable relief including but not limited to the immediate reinstatement of benefits, compensatory damages including past and future damages that will accrue, punitive damages, and incidental damages, in an amount exclusive of interest and costs sufficient to confer jurisdiction upon this Honorable Court, and the Plaintiff also demands judgment for interest and costs, including but not limited to attorneys fees, and such other relief as the Court shall deem fit to grant.

J. SCOTT KILPATRICK, ESQ. is hereby designated trial counsel.

The Plaintiff hereby demands a TRIAL BY JURY and RESERVES the right to propound further and additional Counts.

Plaintiff,
By His Attorneys,
CHISHOLM CHISHOLM & KILPATRICK, LLP

By ______________________
J. SCOTT KILPATRICK #4036
One Turks Head Place
Suite 1313
Providence, Rhode Island 02903
(401) 331-6300 Telephone
(401) 421-3185 Facsimile

Dated: November 14, 2005