UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | |
|---|---|
| FREDERICK V. VICARIO,<br>Plaintiff<br><br>V.<br><br>UNUMPROVIDENT CORPORATION, AND PAUL REVERE LIFE INSURANCE COMPANY,<br>Defendants | CIVIL ACTION NO. CA 05 469 T |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS**

Pursuant to Local Rule 7, the defendants, UnumProvident Corporation and The Paul Revere Life Insurance Company (collectively "Paul Revere") submit this reply to plaintiff, Frederick V. Vicario's ("Vicario") opposition to Paul Revere's Rule 12(b)(6) motion to dismiss.

1. This Is Not A Summary Judgment Motion.

Vicario attempts to turn Paul Revere's Rule 12(b)(6) motion to dismiss into a motion for summary judgment by claiming that Paul Revere alleged facts in its motion to dismiss that go beyond the scope of the Complaint. Specifically, Vicario claims "the Complaint does not allege that plaintiff requested enhancements to coverage." (Plaintiff's brief, p. 3.)[1] To the contrary, Exhibit C and D to the Complaint establish that Vicario did request the enhancements to the Policy. Exhibit C states "Your recent request to enhance coverage provided by your policy has

1 Vicario's argument in this regard apparently pertains to page 3 of Paul Revere's Memorandum, where it states that Vicario requested enhancements to the Policy, and makes specific reference to Exhibit C of the Complaint.

been processed." Exhibit D states "At the request of the insured . . . it is agreed that the above policy is changed . . ."[2]

In ruling on a Rule 12(b)(6) motion to dismiss, this Court may consider documents attached to the complaint, and those documents integral or explicitly relied upon in the complaint, without converting the motion into one for summary judgment. Scritchfield v. Paolo, 274 F.Supp.2d 163, 166 (D.R.I. 2003). Where Exhibits C and D to the Complaint make specific reference to the fact that Vicario requested enhancements, the Court may consider the statements contained in the Exhibits without converting the Rule 12(b)(6) motion into a motion for summary judgment. That Vicario attaches documents to his opposition does not make this a motion for summary judgment. As a result, Vicario has asserted no legal basis to "seek to convert" this Rule 12(b)(6) motion into a motion for summary judgment so that he can do discovery to find some legal or factual basis for his complaint.

II. Vicario Attempts To Create An Ambiguity Where None Exists.

Vicario claims that the Policy remained in effect after he signed the General Release because he did not physically return the Policy to Paul Revere. (Plaintiff's Brief p.8). He claims that any other interpretation renders the General Release ambiguous such that it should be construed in his favor, and in effect, rewritten to "include a term that required Plaintiff to return the policy and once that occurred the policy would cease to exist." (Plaintiff's Brief p.9). In making this argument, Vicario disregards the release of all claims provisions of the General Release.

[2] Indeed, even the two letters that Vicario attaches to his opposition to Paul Revere's motion to dismiss establish that Vicario had to complete and mail an application to Paul Revere for this increased coverage. This action violates the General Release where Vicario agreed "not to apply for any insurance policy or rider from UnumProvident in the future . . ."

In interpreting a contract, a court "should review the agreement in its entirety, construe provisions with reference to one another, where possible, and read the contract as a rational business instrument which will effectuate the apparent intention of the parties." Cosimi v. Atkinson-Kiewit Joint Venture, 577 F.Supp. 68, 72 (D.R.I. 1995). An interpretation which gives reasonable and effective meaning to all manifestations of intent is preferred to one which leaves part of the manifestation of no effect. Media v. Schiff, 612 F.Supp. 1483, 1488 (D.R.I. 1985). When ascertaining the usual and ordinary meaning of contractual language, every word of the contract should be given meaning and effect; an interpretation that reduces certain words to the status of surplusage should be rejected. Andrukiewicz v. Andrukiewicz, 860 A.2d 235 (R.I. 2004).

When Vicario signed the release he gave up all claims "which he now has, or in the future may have . . . which shall include any and all claims for benefits now or in the future . . ." under the Policy. (emphasis added). Vicario represented that he had consulted with legal counsel and had been advised that he "is giving up whatever rights he may have if any under the Policy now or in the future as a result of his signing this general release." (emphasis added). Although he failed to do so, in the General Release Vicario agreed to return the Policy.

What Vicario claims in this case, is that because he retained physical possession of the Policy, all of the other provisions of the General Release are of no force and effect. Under this interpretation, Vicario believes that he should be able to agree to return the Policy, fail to do so, keep the $80,000 settlement money, and then, even though he released all rights and claims under the Policy, make a future claim under the Policy anyway. This interpretation renders the release of all claims provisions of the General Release to mere surplusage. Vicario's interpretation of the contract does not give the contract effect as "a rational business instrument."

It makes no business sense for the Paul Revere to pay a significant amount in settlement in exchange for Vicario's release of all claims and rights under the Policy, but then permit Vicario to assert a future claim, just because he retained physical possession of the Policy.

Vicario's argument that physical return or "tender" of the Policy was required to make it void disregards the full language of that provision. It states "In connection with the signing of this general release, as a prerequisite to receipt of payment thereunder [Vicario] agrees to return [the policy] . . ." So whether or not Vicario actually turned the Policy over to Paul Revere, he agreed to return it. Vicario cannot use his own breach of the terms of this contract in order to deprive Paul Revere of the benefit of its bargain.

## III. Vicario Has Not Pled And Cannot Assert As A Matter Of Law A Claim Of Waiver In This Case.

Vicario claims that his complaint should not be dismissed because he may have a claim for waiver. He makes this argument even though he has not pled a claim for wavier, and the legal elements of a claim for waiver cannot be discerned from the allegations in the Complaint.[3] Vicario appears to ask this Court to not dismiss his complaint (even though he has not asserted a claim upon which relief can be granted) so that he can do discovery to see if he has a viable claim for waiver. The hope that a different claim may exist is not enough to save a complaint from dismissal where there is no legal basis for the existing claims asserted in the Complaint.

Nevertheless, Vicario claims that because Paul Revere did not demand that the Policy be returned and made subsequent billing errors, Paul Revere "waived the requirement that he return the policy," keeping the Policy in full force and effect. (Plaintiff's brief p.8).

Waiver is the voluntary relinquishment of a known right. Haxtons of Riverside v. Windmill Realty, 488 A.2d 723 (R.I. 1985). Waiver occurs where whether the party waiving the

---

[3] Nowhere in the Complaint does plaintiff allege, even upon information and belief, that Paul Revere voluntarily and with full knowledge of its rights, decided that the Policy would remain in effect despite the settlement.

claim has knowledge of the breach and all the circumstances thereof. Cavanaugh v. Cook, 94 A.2d 663 (R.I. 1915).

Given the language of the General Release, Vicario's argument for a waiver makes no sense. Just because Vicario did not return the Policy does not mean that the Policy remained in effect. In exchange for $80,000, Vicario agreed to return the Policy (but did not) and agreed to release all claims and rights under the Policy. Paul Revere had no obligation under the General Release to demand that the Policy be returned, and its failure to do so does not amount to a waiver.

Paul Revere's subsequent billing errors do not act as a waiver either. Here, according to Complaint, Paul Revere's acceptance of premium on the Policy after Mr. Vicario signed the release was inadvertent. (Complaint Exhibit G). Via a letter dated August 4, 2005, Paul Revere refunded all premiums paid on the Policy after Vicario signed the General Release with interest, because "we inadvertently collected premiums subsequent to Mr. Vicario's signing the General Release." Vicario has not pled facts to establish that Paul Revere's continued collection of premium was anything but inadvertent. Where waiver requires an actual intention to relinquish a known right, mistake or inadvertent error cannot provide a basis for waiver.

Plus, Paul Revere's billing errors cannot not amount to waiver when the Court considers Vicario's actions. Vicario's waiver claim is intended to let him take advantage of his own failure to return the Policy after he agreed to do so, and Paul Revere's billing errors. Waiver involves two parties. Here, Vicario knew, having received the advice of legal counsel, that in exchange for $80,000 he was giving up all rights and claims under the Policy, past, present, and future. He agreed to return the Policy, but did not. He could have stopped Paul Revere's withdrawals from his bank account. He did not. He could have discarded the notices of premium enhancements.

He did not. Instead, he pockets the $80,000 settlement, and contrary to the provisions of the release, he holds onto the Policy he agreed to return. He continues to permit Paul Revere to withdraw premium from his bank account on the Policy that he had agreed to surrender. He accepts and sends in applications for enhancements to the Policy despite the fact that the release precludes him from doing so. And then, even though Vicario released all future claims and rights under the Policy, he submits a claim on the Policy. When one party knowingly takes advantage of an error by another, it does not amount to waiver.

## CONCLUSION

For each of the foregoing reasons, the defendants' motion to dismiss should be allowed.

UNUMPROVIDENT CORPORATION,
AND PAUL REVERE LIFE INSURANCE
COMPANY

By their attorneys,

Joan O. Vorster, Esq.
#5784
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax: (508) 791-8502

Richard E. Kirby, Esq. (JOV)
RI #3780
Macktaz, Keefer & Kirby
The Aldrich Building
72 Pine Street
Providence, RI 02903
Phone: (401) 272-5300
Fax: (401) 331-7454

Dated: 3/10/06

CERTIFICATE OF SERVICE

I, Joan O. Vorster, hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to J. Scott Kilpatrick, Chisholm, Chisholm & Kilpatrick. LLP, One Turks Head Place, Suite 1313, Providence, RI 02903.

Joan O. Vorster, Esq.

Dated: 3/10/06